RECEIVED

JUL 0 8 2025

U.S. DISTRICT COURT
DISTRICT OF R.I.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**James W.A. Jackson**
Plaintiff,

v.

**Karen Lynch Bernard,**

**Karen Lynch Bernard, in her individual capacity, acting under color of state law**

Defendant.

Civil Action No. _____

---

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. § 1983

### I. Jurisdiction and Venue

1. This action arises under the United States Constitution and 42 U.S.C. § 1983.

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to the claims occurred in the District of Rhode Island.

---

### II. Parties

4. Plaintiff, James W.A. Jackson, is a naturalized Australian citizen and the legal guardian father of two minor children. He resides abroad and has been a party to Rhode Island Family Court Case No. W20192200M since 2020.

5. Defendant, Karen Lynch Bernard, is an Associate Justice of the Rhode Island Family Court and is sued in her official capacity for injunctive and declaratory relief.

---

### III. Statement of Claim – Causes of Action

**Claim 1: Violation of the Fourteenth Amendment – Denial of Parental Visitation Rights**
Between April 27, 2021, and May 30, 2025, a span of over four years, Defendant Judge Karen Lynch Bernard denied Plaintiff in-person parenting time with his children, despite the absence of any judicial finding of unfitness or danger. This prolonged and continuous restriction infringed Plaintiff's fundamental parental rights under the Fourteenth Amendment, as recognized in *Troxel v. Granville*, 530 U.S. 57, 66 (2000), and contributed to irreparable parental alienation and harm to the parent-child relationship.

and, on December 4, 2024, an explicit prohibition against Plaintiff submitting affidavits or a statement of pending motions. These actions denied Plaintiff the right to be heard "at a meaningful time and in a meaningful manner," in violation of the Due Process Clause as defined in *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

### Claim 3: Violation of the Fifth and Fourteenth Amendments – Suppression of Defense Witness Testimony

On May 30, 2025, during a hearing on recusal, Defendant barred Plaintiff from presenting a trained court observer, Robert Norton, as a witness and refused to accept his sworn affidavit. These unjustified exclusions impaired Plaintiff's ability to present relevant evidence in support of his claims, violating his right to a fair hearing under the Fifth and Fourteenth Amendments, as emphasized in *Goldberg*, 397 U.S. at 270.

### Claim 4: Violation of the Fifth and Fourteenth Amendments – Admission of Unsworn Assertions by Counsel

At the same May 30, 2025 hearing, Defendant permitted opposing counsel to present factual assertions without being sworn or subject to cross-examination. These statements were treated as evidence despite Plaintiff's objections, violating Plaintiff's right to a fair process under *Goldberg*, 397 U.S. at 268.

### Claim 5: Violation of the Fifth and Fourteenth Amendments – Obstruction of Plaintiff's Testimony

During Plaintiff's testimony on May 30, 2025, Defendant repeatedly interrupted and restricted Plaintiff from addressing key issues, including motions to dismiss and the request to join the biological father of a child. This interference obstructed Plaintiff's ability to present his case, in violation of the Due Process Clause. Where judicial conduct creates "a serious risk of actual bias," due process is violated. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009).

### Claim 6: Violation of the First and Fourteenth Amendments – Closure of Court Proceedings Without Justification

From 2020 through 2025, Defendant disabled the judicial livestream for nearly all hearings in Plaintiff's case, including those on March 17 and May 30, 2025, without justification or findings on the record. These closures violated the First Amendment right of public access to court proceedings, as established in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980), and further undermined Plaintiff's due process rights under the Fourteenth Amendment. These actions also contravened a Rhode Island Supreme Court directive requiring accommodations for Plaintiff as a foreign national and remote litigant.

### Claim 7: Violation of the Fifth and Fourteenth Amendments – Premature Financial Order Without Jurisdiction

On March 9, 2021, before personal or subject matter jurisdiction had been formally established, Defendant ordered Plaintiff to pay temporary child support directly to the opposing party. Jurisdiction was not adjudicated until July 25, 2022. This premature financial order violated Plaintiff's procedural due process rights and caused substantial financial harm.

### Claim 8: Violation of the Fifth and Fourteenth Amendments – Judicial Misconduct in Handling International Custody Claims

Beginning in 2020, Plaintiff repeatedly requested judicial review of whether the retention of his children in the United States violated international custody norms, citing their habitual residence in Australia. On December 1, 2021, Judge Lynch Bernard orally ordered an evidentiary hearing but failed to reduce that

order to writing or notify the incoming judge. On September 15, 2021, before Plaintiff's video connection was activated, Judge Lynch Bernard engaged in ex parte communications with opposing counsel. Later that day, she issued a custody order restricting Plaintiff's rights without a hearing and used threatening language to deter Plaintiff from contacting Rhode Island State Police regarding safety concerns involving the children. These acts and omissions denied Plaintiff a fair hearing and violated his rights under the Due Process Clause.

## IV. Relief Requested

Plaintiff respectfully seeks the following relief:

### A. Declaratory Relief

1.  A declaration that Defendant's actions violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments.

2.  A finding that Defendant's actions, as outlined in the above claims, constituted an unconstitutional pattern of judicial misconduct.

### B. Injunctive Relief

1.  An order requiring the Rhode Island Family Court to permit Plaintiff to file motions and affidavits without discrimination.

2.  An order mandating accommodation for remote participation in hearings and for court watchers and witnesses.

3.  An order requiring public livestream access to all future hearings, unless closed for narrowly tailored, case-specific reasons and any communications with others about this case.

4.  An order disqualifying Judge Lynch Bernard from further participation in Plaintiff's family court case.

5.  An order requiring timely adjudication of all pending motions and custody matters.

### C. Compensatory Damages
Plaintiff seeks $3,000,000 for:

- Emotional distress

- Loss of familial association

- Loss of income due to self-representation and prolonged litigation

- Financial harm caused by unconstitutional court orders

### D. Punitive Damages
Plaintiff seeks $1,000,000 to punish Defendant's willful misconduct and deter future violations.

**Respectfully submitted,**

/s/ James W.A. Jackson
Pro Se Plaintiff