UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES WILBERT ANDREW JACKSON,<br>    Plaintiff,<br><br>    v.<br><br>KAREN LYNCH BERNARD,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:25-cv-00319-MSM-PAS<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss (ECF No. 22) of the defendant, Karen Lynch Bernard, a Rhode Island Family Court judge. The plaintiff, James Wilbert Andrew Jackson, proceeding pro se, alleges constitutional claims under 42 U.S.C. § 1983 against Judge Lynch Bernard based on her actions and decisions during an ongoing child custody and child support proceeding in the Rhode Island Family Court. *See* ECF Nos. 1 (original Complaint); 17 ("First Amended Verified Complaint"). Judge Lynch Bernard seeks dismissal of Mr. Jackson's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 22.) For the following reasons, the Court GRANTS Judge Lynch Bernard's Motion.

According to his First Amended Verified Complaint, Mr. Jackson, who is an Australian citizen, initiated a custody petition in Australia in 2017. (ECF No. 17 at 2.) Mr. Jackson's former partner filed a Rhode Island Family Court case in 2019. *Id.* at 3. The Australian case was purportedly dismissed in 2020 on procedural grounds

stemming from international law. *Id.* at 2. The Rhode Island case proceeded notwithstanding Mr. Jackson's objections to the Rhode Island Family Court's jurisdiction over the matter. *See id.* at 2–4.

Mr. Jackson's original Complaint (ECF No. 1), which is expressly incorporated by reference into his First Amended Verified Complaint, *see* ECF No. 17 at 8, includes eight alleged constitutional violations by Judge Lynch Bernard as a result of her decisions in the Rhode Island case. See ECF No. 1-1. Those decisions include (1) denial of physical visitation with Mr. Jackson's children; (2) barring of a witness's testimony; (3) a child support order issued before jurisdictional challenges were fully adjudicated; (4) closing of livestream video hearings; (5) prohibition of further affidavits by Mr. Jackson; (6) allegedly improper admission of evidence; (7) interruption of Mr. Jackson's testimony during court proceedings; and (8) other alleged improprieties. *Id.* Mr. Jackson alleges that those decisions violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. *Id.*

In her Motion to Dismiss, Judge Lynch Bernard asserts two jurisdictional defenses against Mr. Jackson's claims: (1) the doctrine of *Younger* abstention, which generally bars federal jurisdiction where a plaintiff seeks an injunction against certain kinds of ongoing state court proceedings; and (2) the "Domestic Relations" exception, under which federal courts abstain from exercising jurisdiction over family law issues. (ECF No. 22-1 at 9–19.) While both of these exceptions to federal jurisdiction are implicated in at least some respect here, the nature of Mr. Jackson's

2

suit—which alleges constitutional violations and seeks not only injunctive relief against the Rhode Island Family Court, but also declaratory relief, compensatory damages, and punitive damages—more clearly implicates the third defense raised by Judge Lynch Bernard: the principle of judicial immunity.  *See* ECF No. 22-1 at 19–23.[1]  The Court thus proceeds to the merits of that defense.[2]

Judges have absolute immunity for their judicial acts.  *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019).  Judicial immunity protects judges not only from monetary penalties, but from lawsuits themselves.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This absolute judicial immunity protects judges even if they make procedural errors when adjudicating lawsuits.  435 U.S. 349, 359 (1978).  The Court does not, by citing this expansive definition of absolute judicial immunity, suggest Judge Lynch Bernard committed any error during Mr. Jackson's family court case.

---

[1] Judicial immunity, as a form of absolute immunity, is not a jurisdictional defense. *See Nevada v. Hicks*, 533 U.S. 353, 373 (2001) (determining that "[t]here is no authority whatever for the proposition that absolute- and qualified-immunity defenses pertain to the court's jurisdiction").

[2] The First Circuit has permitted the application of "hypothetical jurisdiction"—under which a court bypasses a more complex jurisdictional challenge to reach a simpler decision on the merits favoring the party challenging the court's jurisdiction—when Article III jurisdiction is not in question. *See Akebia Therapeutics, Inc. v. Azar*, 976 F.3d 86, 91 (1st Cir. 2020) ("Although hypothetical jurisdiction is generally disfavored, such a barrier is insurmountable only when Article III jurisdiction is in issue."); *First State Ins. Co. v. Natl. Cas. Co.*, 781 F.3d 7, 11 n.2 (1st Cir. 2015) ("We may continue to bypass thorny jurisdictional issues and resolve cases on the merits where, as here, those jurisdictional issues implicate only statutory or prudential considerations.").

There are only two ways to overcome judicial immunity. *See Mireles*, 502 U.S. at 11–12. First, judges are not immune from liability for actions they take outside their judicial capacity. *Id.* Second, judges are not immune from liability for judicial actions "taken in the complete absence of all jurisdiction." *Id.* Whether an action is a judicial action depends on (1) whether the action is one normally performed by a judge; and (2) whether the judge's interaction with the parties was conducted in the judge's official capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Here, all of Mr. Jackson's claims are based on Judge Lynch Bernard's judicial actions. *See* ECF No. 1-1. While he purports to challenge "conduct plausibly outside the core adjudicative function" that "concerns court administration rather than the substance of adjudication," (ECF No. 23 at 8), *Mireles* forecloses that argument to support his claims because all of the challenged actions are clearly the kinds of functions "normally performed by a judge." *See Mireles*, 502 U.S. at 11. Although Mr. Jackson cites *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013), for the proposition that assessing whether an action is judicial or administrative "cannot be resolved on a Rule 12 motion," that case provides no support for that proposition, a proposition that conflicts with the principle that judicial immunity provides immunity from suit and is inconsistent with existing case law. *See, e.g., Silva v. Smith*, No. 20-CV-12-PJB-AKJ, 2021 WL 1193408 (D.R.I. Mar. 30, 2021) (determining judicial immunity on a Rule 12 motion). As for the other exception to judicial immunity, Judge Lynch Bernard's actions were not "taken in the complete absence of jurisdiction" because the Rhode Island Supreme Court upheld the Rhode

4

Island Family Court's jurisdiction over Mr. Jackson's family court case. *See Fitzgerald v. Jackson*, 307 A.3d 1283 (R.I. 2024), *cert. denied*, 145 S. Ct. 275 (2024).

Neither exception to absolute judicial immunity applies here. Judge Lynch Bernard is therefore entitled to absolute immunity from Mr. Jackson's suit, and the Court consequently GRANTS her Motion to Dismiss (ECF No. 22.)

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

February 12, 2026